**In re COLONIAL PIPELINE COMPANY, TEXACO INC., et al.**

**No. 13–97–808–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 5, 1997.

Morgan L. Copeland, Jr., Knox D. Nunnally, Scott Statham, Vinson & Elkins, Reynaldo Ortiz, McAllen, L. Joseph Loveland, Michael W. Perrin, Charles Thomas Kruse, Sashe D. Dimitroff, Tracey Maria Robertson, King & Spalding, Houston, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, Rene O. Oliveira, Roerig, Oliveira, & Fisher, Brownsville, Gary L. Gurwitz, McAllen, Hu-

bert Oxford, III, Beaumont, Robert W. Craft, Beaumont, Dale Jefferson, Beckenstein & Oxford, Houston, Israel Ramon, Jr., Law Offices of Israel Ramon, Jr., McAllen, for Relator.

Bruce L. Jamison, Jamison & Associates, Houston, Frank Rodriguez, McAllen, for Real Parties in Interest.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

### ORDER

DORSEY, Justice.

Relators filed a joint petition for writ of mandamus and supporting brief on November 7, 1997. The Real Parties in Interest responded, upon suggestion of this Court, and filed an appropriate brief. Upon reviewing the authorities of the parties, the petition for writ of mandamus is DENIED.

■ At issue in the mandamus is the authority of a trial judge to control complex litigation on file in his court. The present litigation involves over seventeen thousand plaintiffs who have filed suits in three Texas counties. The action from which the petition for writ of mandamus arose is pending in Hidalgo County and has over three thousand plaintiffs. The order complained of here is a docket-control order that allowed ten representative plaintiffs to go to trial first, with certain deadlines for discovery applying to those ten. The order abated discovery for the remaining plaintiffs.

The controlling case from the Texas Supreme Court addressing the discretion of the trial judge to control complex litigation through docket-control orders is *Polaris Investment Mgt. Corp. v. Abascal,* 892 S.W.2d 860 (Tex.1995). *Polaris* holds these types of docket-control orders are incidental rulings of the court and are not reviewable by mandamus. *Polaris* is essentially indistinguishable from the case before us and is determinative.

■ Relators completely ignored *Polaris* in their filings in this Court, although filing a thirty-seven-page brief containing three pages of authorities in the index. Relators

did not attempt to explain or distinguish this controlling authority, nor mention *Polaris* might be considered to be contrary to their position. In their response to Relators' petition for mandamus, the Real Parties in Interest cite *Polaris* and state the case was extensively argued before the trial judge, the Honorable Fernando Mancias, when the proposed docket-control order was being considered.

Texas Disciplinary Rule of Professional Conduct 3.03(a)(4) provides: "A lawyer shall not knowingly ... fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel...." Comment three to rule 3.03 says:

Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but should recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(4), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

Relators did not disclose to this Court the *Polaris* case as controlling authority directly adverse to their position, nor did they attempt to distinguish it from the case at issue. Because of Relator's failure to call the Court's attention to this critical authority, the Real Parties in Interest were required to respond to the Relators' petition for writ of mandamus. Such failure to disclose pertinent adverse authority might well be a failure of Relators to deal in good faith with this Court and a breach of professional ethics.

The Texas Rules of Appellate Procedure provide a tool for appellate courts to use in punishing lawyers who fail to deal in good faith with an appellate tribunal. Rule 52.11 provides, in relevant part:

On motion of any party or on its own initiative, the court may—after notice and a reasonable opportunity to respond—im-

pose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

(a) filing a petition that is clearly groundless[.]

Tex.R.App.P. 52.11.

We ORDER Relators to respond in writing by December 12, 1997, and SHOW CAUSE why this Court should not sanction them for not acting in good faith with this court by failing to cite the *Polaris* case as authority in their joint petition for writ of mandamus. In order to determine what sanctions, if any, are appropriate, we ORDER counsel for the Real Parties in Interest to also file a response by December 12, 1997, containing an affidavit stating what expenses have been incurred in responding to Relator's petition for writ of mandamus.